## GRANGER v. BOURN.

No. 9906; August 25, 1885.

7 Pac. 760.

**Corporations.—A Guaranty is Without Consideration Where Founded on an Alleged** agreement executed by officers of a corporation, when they have no authority to execute it.

APPEAL from Superior Court, County of Nevada.

Walling & Gaylord and A. W. Thompson for appellant; Cross & Simonds for respondent.

By the COURT.—If the original E. M. & M. Co. had agreed, as a portion of the consideration of the conveyance to it by Bourn of the property conveyed, that it assumed and would pay all debts which he had contracted in and about the affairs of the mine, doubtless such agreement would have authorized the officers of the corporation to assume and agree to pay such debts; and, its obligation to that end being binding upon it, a discharge of Bourn by creditors from liability on such debts would have been founded upon a consideration. But, in the case before us, the alleged guaranty, signed by plaintiff, and the receipt by Watt were without consideration because they were founded on an alleged agreement executed by the officers of the corporation which they had no authority to execute; therefore, the plaintiff received no consideration. He received a piece of paper on which was written, so far as eleven hundred and fifty dollars thereof was concerned, a promise to pay, which promise he, as well as the officers who signed it, were in law presumed to know was of no validity as against the corporation. Such being the case, the receipt and the guaranty constituted no defense to the action on the agreement in suit, and the plaintiff was entitled to recover.

Judgment and order affirmed.